## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

        *Plaintiff*,

        vs.

DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530,

        *Defendant*.

Case No. 18-cv-641

----

## <u>COMPLAINT FOR INJUNCTIVE RELIEF</u>

1.      Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      On July 20, 2017, Democracy Forward requested that the Office of Legal Counsel ("OLC") produce opinions, memoranda, or guidance citing the Federal Vacancies Reform Act of 1998 or a recent Supreme Court case interpreting that statute.

3.      To date, OLC has not produced any documents to Democracy Forward, despite the search purportedly having been complete since at least January 9, 2018.

4.      Accordingly, Democracy Forward seeks an injunction directing DOJ to comply with FOIA and search for and produce all relevant documents.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7.      Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Democracy Forward works to promote transparency and accountability in government, in part by educating the public on government actions and policies.  Among other things, Democracy Forward posts information it receives from FOIA requests on the Internet and writes about them in various media.  Democracy Forward's FOIA investigations have led to numerous stories of significant public interest.

8.      Defendant Department of Justice is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  The Office of Legal Counsel is a component of DOJ.  DOJ has possession, custody, and control of records to which Democracy Forward seeks access.

## FACTUAL ALLEGATIONS

9.      On March 21, 2017, the Supreme Court decided *National Labor Relations Board v. SW General, Inc.*, 137 S. Ct. 929 (2017).  *SW General* interpreted the Federal Vacancies Reform Act of 1998 ("FVRA"), 5 U.S.C. § 3345 *et seq.*, which governs the ability of individuals to serve as acting officers in executive-branch positions that require Presidential appointment and Senate confirmation (also known as "PAS" positions).

10.     Since President Trump was inaugurated on January 20, 2017, hundreds of PAS positions have become vacant, with many of them remaining unfilled to date.  A study updated by the *Washington Post* and the Partnership for Public Service on March 20, 2018 found that, out of 642 key PAS positions, 365 were currently vacant, with more than 200 lacking any nominee at all.

11.     To understand and educate the public about the implications of leaving these positions vacant, or having ineligible individuals carry out the responsibilities of a PAS office, Democracy Forward filed a FOIA request on July 20, 2017.

12.     Democracy Forward's FOIA request was submitted by electronic mail and requested all opinions, memoranda, or guidance citing the FVRA or *SW General*.  The time period of the request was limited to March 21, 2017 through the date of the search.

13.     Democracy Forward sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

14.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify Democracy Forward immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

15.     Pursuant to 5 U.S.C. § 552(a)(6)(B)(i), DOJ could extend this deadline if "unusual circumstances," as defined in subsection 552(a)(6)(B)(iii), existed.  In order to extend the twenty-day deadline, DOJ was required to send written notice to Democracy Forward setting

forth the unusual circumstances for the extension and the date on which it expected a

determination to be dispatched, with such date being no more than ten working days.

16.     DOJ's determination regarding Democracy Forward's FOIA request was due on

or about August 17, 2017.

17.     On July 28, 2017, OLC sent an acknowledgment letter by email, providing a

tracking number and advising Democracy Forward that its request "ha[d] been tentatively

assigned to the 'simple' processing track."  However, due to "the considerable number of FOIA

requests received by OLC before [Democracy Forward's] request," OLC stated that it would be

"unable to comply with the statutory deadline for responding to [Democracy Forward's]

request."

18.     Aside from the July 28 acknowledgement, DOJ did not respond to Democracy

Forward's request in any way until Democracy Forward contacted OLC multiple times in

December 2017.

19.     After several emails from Democracy Forward, OLC's FOIA officer advised

Democracy Forward on January 9, 2018 that the search was completed and returned "responsive

records that require consultations."

20.     In response to Democracy Forward's request for an estimate of when OLC

expected to produce responsive documents, OLC informed Democracy Forward on February 16,

2018 that it was "still waiting on the consults and ha[s] no control over their response time."

21.     To date, DOJ has not produced a single document in response to Democracy

Forward's FOIA, which has now been pending for nearly eight months.  Nor has it demonstrated

that all responsive records are exempt from production.

22.     DOJ has not provided Democracy Forward with a date by which it expected a determination to be dispatched, nor identified unusual circumstances as defined by subsection 552(a)(6)(B)(iii).  Receipt of a "considerable number of FOIA requests" is not an unusual circumstance recognized by FOIA.

23.     DOJ has not produced any requested records or demonstrated that the requested records are exempt from production.

24.     DOJ has not advised Democracy Forward of any determination whether to comply with Democracy Forward's FOIA request or of Democracy Forward's right to appeal any adverse determination.

25.     Because DOJ has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) or extend the time limit by written notice as set forth in 5 U.S.C. § 552(a)(6)(B)(i), Democracy Forward is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

26.     Democracy Forward incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.     By failing to respond to Democracy Forward's request within the statutorily mandated twenty days, DOJ has violated its duties under FOIA, 5 U.S.C. § 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Democracy Forward Foundation prays that this Court:

1.      order DOJ to conduct a search for any and all responsive records to Plaintiff's

        FOIA request and demonstrate that it employed search methods reasonably likely

        to lead to discovery of all responsive records;

2.      order DOJ to produce, by a date certain, any and all nonexempt responsive

        records and a *Vaughn* index of any responsive records withheld under a claim of

        exemption;

3.      enjoin DOJ from continuing to withhold any and all nonexempt responsive

        records;

4.      order DOJ to grant Plaintiff's request for a fee waiver;

5.      award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in

        this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.      grant Plaintiff any other relief this Court deems appropriate.

Dated: March 20, 2018                          Respectfully submitted,

                                               */s/ Jeffrey B. Dubner*
                                               Jeffrey B. Dubner (D.C. Bar No. 1013399)
                                               Javier M. Guzman (D.C. Bar No. 462679)
                                               Democracy Forward Foundation
                                               P.O. Box 34553
                                               Washington, D.C. 20043
                                               (202) 448-9090
                                               jdubner@democracyforward.org
                                               jguzman@democracyforward.org